UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RAYMOND HANAS,

      Plaintiff,                      CIVIL ACTION NO. 06-CV-10290-DT

vs.

                                       DISTRICT JUDGE ARTHUR J. TARNOW

INNER CITY CHRISTIAN        MAGISTRATE JUDGE MONA K. MAJZOUB
OUTREACH CENTER, INC.,
et al.,
      Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

      This matter comes before the Court on Plaintiff's Motion to Compel Answers to Interrogatories filed on October 31, 2006 which were directed to Defendant Inner City. (Docket no. 25). Defendant Inner City (Defendant) did not file a written response, but the Court entertained oral argument on February 12, 2007 and heard from Defendant's counsel, Mr. Gildner, and Plaintiff's counsel, Mr. Nickelhoff. This matter has been referred to the undersigned and is ready for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 27).

      This is a civil rights action. A state drug court assigned Plaintiff to the residential treatment program at Inner City. He was there from January 24, 2003 until March 13, 2003. He went back to court complaining about the conditions of the program and his diversionary sentence was modified to an active sentence. Plaintiff alleges that those in charge of Defendant's program were trying to indoctrinate him into the Pentecostal faith and prevented him from practicing his religion, Catholicism. Plaintiff also alleges that Defendants otherwise violated his rights by denying him access to his priest and attorney. The named Defendants are the Inner City Outreach Center, Dwight Rottiers, the pastor

of the Center, Stanette Amy, Plaintiff's case manager for the drug court program, and Reginald Coleman, a volunteer case worker at the Center.

Interrogatory numbers 2 and 4 of Plaintiff's Interrogatories to Defendant served on June 1, 2006 are at issue. (Docket no. 25, ex. A). Interrogatory number 2 asks for the identity of persons with managerial or supervisory authority at the Center during the time that Plaintiff was a resident. (*Id.*) The parties agreed at the February 12 hearing that Defendant had answered this interrogatory except for providing the addresses and phone numbers for these persons. Defendant's counsel agreed that Plaintiff is entitled to this information. Therefore, Defendant will be ordered to supplement its answer to this interrogatory with this information.

Interrogatory number 4 asks generally for the names and addresses of the persons who were residents of or enrolled in or participating in the program offered at Inner City while Plaintiff was there, a period of less than two months. The interrogatory also asks for Defendant to identify those who were referred by the drug court. Defendant responded on or about July 28, 2006 and objected because the interrogatory "requires that Inner City disclose private, confidential information." (*Id.* ex. B). Inner City explained that the program is voluntary and promises residents that their identities and information will be kept confidential in exchange for the counseling services. (*Id.*). Plaintiff's counsel offered in a letter dated September 20, 2006 to enter into a protective order to keep the information confidential, but Defendant's counsel replied that a protective order would not suffice because once Plaintiff's counsel contacted these people they would know that Defendant released their information and this would jeopardize the Pastor's credibility "on the street level." (*Id.* ex. C).

Rule 26, Fed. R. Civ. P., allows for discovery of information that is relevant and not privileged. Defendant does not contend that the information Plaintiff seeks is either irrelevant to the claims in this action or legally privileged. Defendant seeks to withhold this information because of its confidential

nature. Although this is understandable, privacy or the need for confidentiality is not a recognized basis for withholding discovery. *Luey v. Sterling Drug, Inc.*, 240 F. Supp. 632, 636 (W.D. Mich. 1965). Accordingly, Plaintiff's motion to compel an answer to this interrogatory will be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Answers to Interrogatories (docket no. 25) is **GRANTED.** Defendant Inner City is ordered to supplement its answer to Interrogatory number 2 as specified above and fully answer Interrogatory number 4 of Plaintiff's Interrogatories served on June 1, 2006 within fourteen (14) days of February 12, 2007.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: February 20, 2007         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: February 20, 2007         s/ Lisa C. Bartlett
                                 Courtroom Deputy